[Cite as *Barack v. Thalman*, 2022-Ohio-1614.]

| | |
|---|---|
| ROGER A. BARACK | Case No. 2021-00228PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| MAYOR KATHRYN THALMAN, CITY OF ST. CLAIRSVILLE | |
| Respondent | |

{¶1} Respondent Mayor Kathryn Thalman, City of St. Clairsville, objects to a Special Master's Report and Recommendation that has been issued in this public-records case. For reasons set forth below, the Court sustains Mayor Thalman's objections, but for reasons different than those asserted by Mayor Thalman. The Court does not adopt the Special Master's Report and Recommendation.

## I. Background

{¶2} On April 27, 2021, Requester Roger A. Barack filed a complaint alleging a denial of public records in violation of R.C. 149.43(B). The Court appointed a Special Master. The Court also referred the case to mediation. After mediation failed to resolve all disputed issues between the parties, the case was returned to the docket of the Special Master.

{¶3} On March 9, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master finds in the Report and Recommendation that, based on the parties' agreement, Barack's claim for production of records in Request No. 2 is moot and that, to the extent any communications described in Request No. 1 have been provided to Barack, that claim also is moot. (R&R, 4.) The Special Master notes, however, that "both Ohio law and the Public Records Policy of St. Clairsville * * * provide that electronic office records in private accounts must be filed, maintained, and produced in accordance

with the Public Records Act. If the Mayor has not sought to retrieve all such records and does not deny they may exist, the claim for their production is not moot. Independent of the claim for production, requester's claim that the delay between his request and production of any records was unreasonable is not moot." (R&R, 4.) The Special Master also "finds that Barack plausibly infers but does not prove by clear and convincing evidence the existence of additional records on personal devices." (R&R, 5.) And the Special Master "finds that the Mayor's refusal to look for responsive records everywhere they may reasonably be kept partially negates her assertion that no additional records exist." (R&R, 6.) The Special Master also "finds that the Mayor'[s] delay of eleven months before producing a single requested record was unreasonable." (R&R, 9.) Accordingly, the Special Master

> recommends the court issue an order for respondent to locate and produce all responsive records kept in the private devices or accounts of any former or current city employee listed in the request. The special master further recommends the court find that respondent failed to produce any responsive record within a reasonable period of time and to provide an explanation for denial. It is further recommended that requester is entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that he has incurred. It is recommended costs be assessed to respondent.

(R&R, 10.)

{¶4} On March 28, 2022, Mayor Thalman, through counsel, filed written objections to the Report and Recommendation. Mayor Thalman's counsel served the objections by means of "Regular U.S. Mail" to Barack's attorney, according to a Proof of Service that accompanies Mayor Thalman's objections.

{¶5} Two days later—on March 30, 2022—Barack, through counsel, filed a response to Mayor Thalman's objections. Barack's attorney served the response by

means of electronic mail, according to a Certificate of Service that accompanies the response. Barack represents that he is in full agreement with the contents of the Report and Recommendation. Barack asks the Court to overrule in entirety Mayor Thalman's objections and any motions contained in the objections.

## II. Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation. Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶7} Here, Mayor Thalman has not complied with R.C. 2743.75(F)(2)'s procedural requirements, which require objections to be sent to the other party by certified mail, return receipt requested. Barack too has not complied with R.C. 2743.75(F)(2)'s procedural requirements, which require a response to objections to be sent to the other party by certified mail, return receipt requested. Mayor Thalman's objections and Barack's response therefore are procedurally defective.

{¶8} R.C. 2743.75(F)(2) requires that "[a]ny objection to the report and recommendation shall be specific and state with particularity all grounds for the objection." Mayor Thalman has not listed her objections in a serial order. A review of Mayor Thalman's objections discloses, however, that Mayor Thalman generally objects to the Special Master's analysis of affidavits supplied by Mayor Thalman, and the Special Master's finding concerning the timeliness of disclosure of public records.

{¶9} Mayor Thalman states, "The Special Master in this case has ignored the fact that there was a change in administration and uses the term loosely of 'excuses' which is not the case since Covid was running rampant during this time period and most city employees were working from home.  In addition, the very broad request has been responded to, in which Roger Barack, who is not a resident of the City of St. Clairsville, requested the following * * *." (Objections, 1.)  And Mayor Thalman states that she "has produced all records of the City of St. Clairsville to date, including the affidavits of the former Mayor and former Service Director which were the phones that were the subject and discussed at mediation; therefore, the Respondent objects and states that they have fully complied with both requests and objects to the innuendo in the report that they have not."

{¶10} The Court determines that Mayor Thalman's reliance on discussions held during mediation is unavailing, since mediation communications generally are privileged. *See* R.C. 2710.03(A) (providing that, except as otherwise provided in R.C. 2710.05, a mediation communication "is privileged as provided in division (B) of this section and is not subject to discovery or admissible in evidence in a proceeding unless waived or precluded as provided in [R.C. 2710.04]").

{¶11} Mayor Thalman states, "The obvious inferences from the affidavits filed herein are that the Respondent has denied that there are any such records on anybody's personal cell phones. Therefore, a fair reading of the Affidavits filed herein and also attached hereto say that the Respondent has denied that and that any protection in this matter is moot and the mere fact that somebody said I saw somebody talking on a cell phone does not meet the evidentiary burden of clear and convincing evidence whatsoever."  Mayor Thalman contends that "if a private company is going to search the personal phones of the former mayor and service director, it is axiomatic from the statutes and case law that there is a fee that would have to be paid by Requester; and further, that fee should not be shifted to the Respondent in this matter, especially on such flimsy

evidence that Cody Barack saw somebody talking on their cell phone which, just to be clear, we do deny that it ever came to the attention of the ex-Mayor and ex-Service Director, who would have had policymaking authority." Notably, Mayor Thalman has not provided any citation to a statute or case to support her contention that Requester is required to pay a fee for a search of city employees' phones where public business may be conducted. *Compare* R.C. 149.43(B)(6)-(7).

{¶12} Upon review, the Court concludes that the Special Master has identified pertinent issues, but the Special Master has failed to reach the correct legal determination in the Report and Recommendation based on the ordinary application of statutory law and case law, as they existed at the time of the filing of the Complaint. In this instance, the Special Master "finds that Barack plausibly infers but does not prove by clear and convincing evidence the existence of additional records on personal devices." (R&R, 5.) Under Ohio law, the "'burden of production' in a civil case requires that the plaintiff produce sufficient evidence to support the case and that the defendant produce sufficient evidence of any affirmative defenses. * * * The party having the burden on any given issue will lose on that issue as a matter of law if sufficient evidence is not produced." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 21. In *Welsh-Huggins*, the Ohio Supreme Court also stated,

> While a public-records-access proceeding brought pursuant R.C. 2743.75 may be less formalistic than a mandamus proceeding brought pursuant to R.C. 149.43(C), the nature of the relief sought—namely, access to a public record that was requested and allegedly withheld in violation of R.C 149.43(B)(1)—is functionally the same. For that reason, the direction in R.C. 2743.75(F)(1) for "the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint" suggests that public-records-access proceedings in the Court of Claims be consistent with the standards that are applicable to mandamus-enforcement actions.

*Welsh-Huggins v. Jefferson Cty.* Prosecutor's Office, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32.  In *Welsh-Huggins*, the Ohio Supreme Court also noted that in a mandamus-enforcement action the burden of persuasion "is on the requester to establish entitlement to the extraordinary writ by clear and convincing evidence."  *Welsh-Huggins* at ¶ 26.

{¶13} Here, since, according to the Special Master, the Requester has failed to prove by clear and convincing evidence the existence of additional records on personal devices, it follows that the Requester, as a matter of law, cannot prevail on this issue. Additionally, the Court is not persuaded by the Special Master's finding that Mayor Thalman's delay of eleven months before producing a single requested record necessarily was unreasonable, given the mitigating circumstances of a change in the mayoral administration and the pandemic of the Novel Coronavirus Disease 2019 (COVID-19).

## XII. Conclusion

{¶14} The Court sustains the Mayor Thalman's objections, but for reasons different than those asserted by Mayor Thalman.  The Court does not adopt the Report and Recommendation.  Court costs are assessed to Requester Roger A. Barack. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed April 12, 2022**
**Sent to S.C. Reporter 5/13/22**